# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RENEE COLEMAN,           )
                      )
        Plaintiff,        )
                      )
    v.                )     Civil Action No.  21-2293 (BAH)
                      )     Chief Judge Beryl A. Howell
                      )
PETE BUTTIGIEG         )
*Secretary, U.S. Department of*  )
*Transportation,*         )
                      )
        Defendant.     )

## <u>MEMORANDUM OPINION</u>

Plaintiff Renee Coleman, proceeding *pro se*, has sued her former employer, the Secretary of the U.S. Department of Transportation ("DOT"), Pete Buttigieg, alleging discrimination based on her race and disability.[1]  Pending before the Court is Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment, ECF No. 29, on the grounds that plaintiff failed to exhaust her administrative remedies and has stated no claim upon which relief may be granted. For the reasons explained below, this motion is granted.

## I.  BACKGROUND

Effective October 8, 2016, plaintiff was fired from her position of Approvals and Special Permits Assistant in DOT's Pipeline and Hazardous Materials Safety Administration ("PHMSA") for "AWOL and Improper Conduct."  Def.'s Mot., Ex. 1 at 15, ECF No. 29.  On

---

[1] Plaintiff filed this lawsuit, in October 2019, against then-Secretary Elaine L. Chao, whose successor, Pete Buttigieg, is automatically substituted, pursuant to Fed. R. Civ. P. 25(d). *See also* Pl's Letter*,* ECF No. 5 (clarifying the complaint as brought "against one entity, that is the Secretary of Transportation . . . who . . . head[s] the Pipeline [and] Hazardous Safety Administration").

November 3, 2016, plaintiff appealed her removal to the Merit Systems Protection Board ("MSPB" or "Board") on various grounds, asserting that defendant failed to meet "its burden of proof on the AWOL and inappropriate conduct charges"; the penalty of removal was "far too severe"; and the decision "constituted a prohibited personnel practice as it [was] the result of unlawful retaliation and discrimination."  *Id*., Ex. 2 at 17-19 ¶ 16.  On November 3, 2017, the date of a scheduled hearing, plaintiff and defendant executed an agreement "to settle Plaintiff's MSPB appeal," with the caveat that plaintiff could revoke within seven days of execution, which she did.  Def.'s Stmt. of Material Undisputed Facts ("Def.'s SMF") ¶ 3, ECF No. 29-1; *see* Def.'s Mot., Ex. 3 at 25-29.  At a rescheduled hearing on January 25, 2018, plaintiff, faced with two options, chose that a decision be made on the written record rather than proceed that day with an in-person hearing.  *See Id*., Ex. 4 at 31-32.

On February 5, 2018, plaintiff contacted an Equal Employment Opportunity (EEO) counselor about her alleged discriminatory removal in October 2016 and "forced" settlement agreement in November 2017.  Def.'s SMF ¶ 4.  On May 30, 2018, plaintiff received a Notice of Right to File a Discrimination Complaint, and on June 13, 2018, she filed a formal EEO complaint with the DOT's Office of Civil Rights ("DOCR"), alleging discrimination based on her race and mental disability; retaliation for her prior EEO activity; and wrongful termination. *See* Def.'s Mot., Ex. 7 at 74-76.  On August 7, 2018, DOT dismissed the EEO complaint based on plaintiff's failure to contact an EEO counselor within 45 days of the alleged acts or events, citing her specific underlying claims and the date those claims arose, as follows:

> A thorough review of your complaint, the EEO counselor's report, and related documents indicates that you raised the following claims:  Were you subjected to discrimination and harassment (non-sexual) based on race (African American), disability (mental), and/or reprisal (prior EEO complaint activity) when:

> 1. On an unspecified date in 2010, your manager delayed in conducting your performance appraisal meeting.
>
> 2. On October 7, 2016, you were terminated.
>
> 3. On November 3, 2017, you were forced into a settlement agreement during your Merit Service Protection Board hearing.

*Id*., Ex. 8 at 79. In declining to extend the 45-day period under 29 C.F.R. § 1614.105(a)(2),and

therefore dismissing the claims as untimely, DOT explained:

> [I]ncluding the instant complaint, you have filed at least three formal complaints of discrimination, and one informal complaint of discrimination with the Department. Thus, it is reasonable to conclude that you had knowledge of the time limit because you have received EEO counseling regarding the EEO complaint process and the requisite timelines on at least three prior occasions. There is also no information in the record to support a determination that you should not have reasonably known that alleged discrimination had occurred within the time period required for timely EEO Counselor contact. For these reasons, this complaint is dismissed for untimely EEO Counselor contact.

*Id*. at 80.

On December 13, 2018, the U.S. Equal Employment Opportunity Commission ("EEOC")

affirmed DOT's decision, agreeing "that the most recent alleged discriminatory event occurred

on November 3, 2017, but Complainant did not initiate contact with an EEO Counselor until

February 5, 2018, which is beyond the forty-five (45) day limitation period." *Id*., Ex. 9 at 85.

The Commission added: "To the extent Complainant is raising matters related to her MSPB

appeal and settlement, she must raise such claims before the MSPB, not through the EEO

complaint process." *Id*. On July 19, 2019, the EEOC denied plaintiff's request for

reconsideration and informed her of the right to file a court action within 90 days from her

receipt of the decision. Def.'s SMF ¶ 11; *see* Compl. Attach. at 17-20, ECF No. 1-9.

On October 17, 2019, plaintiff filed the instant form Complaint for Employment
Discrimination in the U.S. District Court for the District of Maryland, which transferred the case
to this Court almost two years later, on August 26, 2021. *See* Order, ECF No. 23. As the bases
of jurisdiction, plaintiff checked Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et
seq*., and the inapplicable Americans with Disabilities Act (ADA), 42 U.S.C. § 42 U.S.C. §
12112 *et seq*. *See* Corrected Complaint ("Compl.")., ECF No. 1-9 at 5; *cf*. 42 U.S.C. §
12111(5)(B)(i) (excluding the federal government from the ADA's definition of employer).[2] In
a disjointed narrative, plaintiff alleges that DOT's and/or the EEOC's "willful delays" in
processing her case impeded her ability "to exercise" her "rights to file a [timely] civil rights
case of discrimination." Compl. at 11-12. Plaintiff requests that her case "be returned to the
agency to be processed properly and decided upon the merits," and other equitable relief related
to her case file. *Id*. at 9.

Meanwhile, on March 6, 2018, shortly after plaintiff had contacted an EEO counselor
about her alleged discriminatory removal, an MSPB Administrative Judge sustained DOT's
decision to remove plaintiff, Def.'s Mot., Ex. 5 at 35-56, and on May 10, 2018, plaintiff
requested review by the full Board. *See id*., Ex. 6 at 65-67. On May 11, 2018, the Board
acknowledged plaintiff's request while noting that it lacked a quorum to decide petitions for
review. *Id*. As of December 10, 2021, MSPB had not decided plaintiff's Petition for Review.
Def.'s SMF ¶ 7.

## II. APPLICABLE LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain

---

[2]      The ADA claim is construed as brought under the analogous Rehabilitation Act, 29 U.S.C. §§ 701 *et seq*,
which "constitutes the exclusive remedy for federal employees alleging disability discrimination" and "draws from
the procedures of Title VII." *Williams v. Brennan*, 285 F. Supp. 3d 1, 7 (D.D.C. 2017) (internal quotation marks and
citations omitted).

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wood v. Moss*, 574 U.S. 744, 757-58 (2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim is facially plausible when the plaintiff pleads factual content that is more than "'merely consistent with' a defendant's liability," but "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)); *see also Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012).

In considering a motion to dismiss for failure to plead a claim on which relief can be granted, the court must consider the complaint in its entirety, accepting all factual allegations in the complaint as true, even if doubtful in fact, and construe all reasonable inferences in favor of the plaintiff.  *Twombly*, 550 U.S. at 555; *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) ("We assume the truth of all well-pleaded factual allegations and construe reasonable inferences from those allegations in a plaintiff's favor." (citing *Sissel v. U.S. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014)))  The court "need not, however, 'accept inferences drawn by [a] plaintiff[ ] if such inferences are unsupported by the facts set out in the complaint.' " *Nurriddin*, 818 F.3d at 756 (alteration in original) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

While matters "outside the pleadings" generally may not be considered without converting the motion to one for summary judgment, Fed. R. Civ. P. 12(d), a court deciding a motion brought under Rule 12(b)(6) may, without triggering the conversion rule, consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also English v. District of Columbia*, 717 F.3d 968, 971 (D.C. Cir. 2013).  In this case, plaintiff's

discrimination claims filed in the MSPB and EEOC proceedings are referenced in exhibits to the Complaint, *see* ECF No. 1-1 through 1-7, and therefore may be considered without converting the instant motion into a motion for summary judgment. *See Norris v. Salazar*, 885 F. Supp. 2d 402, 407 n.9 (D.D.C. 2012), *aff'd*, No. 12-5288, 2013 WL 1733645 (D.C. Cir. Apr. 10, 2013) (collecting cases)).

## III. DISCUSSION

Defendant argues, first, that plaintiff failed timely to exhaust her administrative remedies and, second, that she has failed to state viable claims of discrimination and retaliation. As discussed in more detail below, the latter is the only appropriate ground on which to dismiss the Complaint.

### A. Framework

The Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq.*, "establishes a framework for evaluating personnel actions taken against federal employees" through a series of graduated administrative procedures, "depending on an action's severity." *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012); *see Filebark v. U.S. Dep't of Transp.*, 555 F.3d 1009, 1010 (D.C. Cir. 2009) ("Congress, through the [CSRA] . . . (codified as amended in scattered sections of 5 U.S.C.), and related employment statutes, has carefully constructed a system for review and resolution of federal employment disputes, . . . providing . . . particular forums and procedures for particular kinds of claims."). When, as here, the action is a termination, the employee "has a right to appeal the agency's decision to the MSPB, an independent adjudicator of federal employment disputes." *Kloeckner*, 568 U.S. at 44. The appeal "may merely allege that the agency had insufficient cause for taking the action under the CSRA" but "may also or instead charge the agency with discrimination prohibited by another federal statute, such as Title VII[.]"

*Id*.  "When an employee complains of a personnel action serious enough to appeal to the MSPB and alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a 'mixed case.'"  *Id*. (citing 29 C.F.R. § 1614.302 (2012) (parenthesis in original)).

The Supreme Court instructs that a mixed case "may proceed in a variety of ways," detailing that a federal employee "may first file a discrimination complaint with the agency itself, much as an employee challenging a personnel practice not appealable to the MSPB could do," *id*. at 45 (citing 5 CFR § 1201.154(a); 29 CFR § 1614.302(b)), and, "[i]f the agency decides against her, the employee may then either take the matter to the MSPB or bypass further administrative review by suing the agency in district court," *id*. (citing 5 CFR § 1201.154(b); 29 CFR § 1614.302(d)(1)(i)).  The employee may, alternatively, "initiate the process by bringing her case directly to the MSPB, forgoing the agency's own system for evaluating discrimination charges," *id*. (citing 5 CFR § 1201.154(a); 29 CFR § 1614.302(b)), but should "the MSPB uphold[] the personnel action (whether in the first instance or after the agency has done so), the employee again has a choice: She may request additional administrative process, this time with the EEOC, or else she may seek judicial review," *id*. (citing 5 U.S.C. §§ 7702(a)(3), (b); 5 CFR § 1201.161; 29 CFR § 1614.303).

"A plaintiff may file a mixed-case complaint with [her] agency's EEO office or with MSPB, but not both."  *Jones v. U.S. Dep't of Just*., 111 F. Supp. 3d 25, 31 (D.D.C. 2015), *aff'd sub nom. Jones v. United States Dep't of Just*., No. 15-5246, 2017 WL 3895064 (D.C. Cir. July 14, 2017) (citing 29 C.F.R. § 1614.302(b)). "Whichever is filed first shall be considered an election to proceed in that forum," *id*. and a plaintiff must then exhaust [her] remedies in that forum."  *Id*.  "[I]f the MSPB fails to render a judicially reviewable decision within 120 days from

the filing of a mixed case appeal, the aggrieved party can pursue [her] claim in federal district

court." *Id.* (citing 5 U.S.C. § 7702(e)(1)(B) (other citation and internal alteration omitted)).

### B. Analysis

Defendant argues that plaintiff's election to file a mixed case appeal with the MSPB

should render the "EEO action . . . a nullity" and, alternatively, that plaintiff failed timely to

exhaust her administrative remedies by contacting an EEO counselor within 45 days of the

discriminatory act.  Def.'s Mem. at 7-8.  For the reasons discussed next, defendant's focus on

"the EEO route," *Schlottman v. Perez*, 739 F.3d 21, 22 (D.C. Cir. 2014), is misplaced.

Before seeking judicial review under federal anti-discrimination laws, federal employees

must ordinarily comply with certain administrative procedures.  A "plaintiff who 'fails to

comply, to the letter, with administrative deadlines ordinarily will be denied a judicial

audience.'"  *Norris*, 885 F. Supp. 2d at 417 (quoting *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir.

1985); *see also Miller v. Rosenker*, 578 F. Supp. 2d 67, 70-71 (D.D.C. 2008) (noting that the

complaint of a plaintiff who fails to comply with regulatory deadlines is time-barred and subject

to dismissal).  On the flip side, federal agencies must comply with certain administrative

deadlines, including the 120-days allowed for resolving mixed case appeals.  *See Butler v. West*,

164 F.3d 634, 640 (D.C. Cir. 1999) ("[S]ection 7702 provides a rigid timeline for advancing

mixed cases through the various phases of administrative and judicial review[.]").  Within that

time period, the MSPB must "decide both the issue of discrimination and the appealable

action[.]"  *Id*. (quoting 5 U.S.C. § 7702(a)(1), (a)(2).  If the time expires without a final

decision, the employee may proceed directly to federal court.  *Id*. (citing 5 U.S.C. §

7702(e)(1)(A) and 7702(e)(1)(C)).  In such circumstances, "the MSPB does not lose its

jurisdiction" but "the appropriate federal district court can take jurisdiction as well."  *Butler*, 164

F.3d at 642.  The D.C. Circuit considers § 7702 to be a clear expression of "Congress' desire that mixed cases should be processed expeditiously, and that complainants should have access to a judicial forum should their claims languish undecided in the administrative machinery."  *Id*.

Recall that plaintiff filed a timely mixed case appeal with the MSPB first, thereby "foregoing the agency's own system [deadlines included] for evaluating discrimination charges." *Kloeckner*, 568 U.S. at 45; *see* 29 C.F.R. § 1614.302(b) ("The date on which the person filed his or her appeal with MSPB shall be deemed to be the date of initial contact with the [EEO] counselor.").  Thus, whether plaintiff timely exhausted her administrative remedies under Title VII is not dispositive.  *See Butler*, 164 F.3d at 642 ("To the extent that section 7702(e)(1)(B) permits a complainant to proceed to federal district court without first obtaining a final decision from the MSPB, and thereby to avoid exhausting available administrative remedies, Congress intended that result.").  That plaintiff filed a mixed case appeal with the MSPB and has not "deliberately abandoned the administrative regime" or "refused to cooperate in its processes," *id*, 164 F.3d at 643, entitles her "to de novo review" of her Title VII claims "in a federal district court," *Seneca v. Price*, 257 F. Supp. 3d 95, 98 (D.D.C. 2017), where the court's inquiry "is not limited to or constricted by the administrative record," and no deference is due the agency's conclusion, *Doe v. United States*, 821 F.2d 694, 697-98 (D.C. Cir. 1987).  *See Payne v. Salazar*, 619 F.3d 56, 62 (D.C. Cir. 2010) ("Congress 'chose to permit de novo judicial trial of [Title VII] complaints rather than mere judicial review of employing agency determinations[.]'") (quoting *Chandler v. Roudebush*, 425 U.S. 840, 852 (1976)).

Nevertheless, the Court agrees that the Complaint alleges no cogent set of facts establishing plaintiff's entitlement to relief under either Title VII or the Rehabilitation Act.  *See* Def.'s Mem. at 9-12.

Under Title VII, "the two essential elements of a discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex, [or] national origin." *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). Similarly, "[u]nder . . . the Rehabilitation Act, the two essential elements of a discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's . . . disability." *Id*. In addition, "Title VII's anti-retaliation provision makes it unlawful for an employer 'to discriminate against [an] employee . . . because [s]he has opposed any practice' made unlawful by Title VII or 'has made a charge, testified, assisted, or participated in' a Title VII proceeding." *Steele v. Schafer*, 535 F.3d 689, 695 (D.C. Cir. 2008) (quoting 42 U.S.C. § 2000e–3(a)). Similarly, the Rehabilitation Act "prohibits retaliation against an individual for exercising her rights under the Act." *Doak v. Johnson*, 798 F.3d 1096, 1099 (D.C. Cir. 2015).

In the form Complaint, plaintiff checks the boxes for race and disability discrimination and then refers the reader to "attached statements" and 293 pages of "documents" to sort out the statement of facts. Compl. at 8 and Attachments. This is reason enough to dismiss the Complaint as insufficiently pled under Rule 8(a) of the Federal Rules of Civil Procedure. *See Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (A complaint that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated[.]"). In any event, plaintiff's narrative of the claims, Compl. at 11-12, alleges no facts establishing her race or disability as a factor in the termination decision. Her claims, to the extent intelligible, are instead premised on alleged delays that

occurred during the administrative process, *see id.*, but Title VII "does not create an independent cause of action for the mishandling of an employee's discrimination complaints." *Young v. Sullivan*, 733 F. Supp. 131, 132 (D.D.C. 1990), *aff'd*, 946 F.2d 1568 (D.C. Cir. 1991); *see Douglas-Slade v. LaHood*, 793 F. Supp. 2d 82, 96 (D.D.C. 2011) (finding same regarding alleged "errors and irregularities with respect to the investigation of [plaintiff's] discrimination claims at the administrative level") (surveying cases)); *cf. Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam) ("[N]o cause of action . . . exists for challenges to [the EEOC's] processing of a claim" based on "negligence," "fraud," "or other malfeasance."). Therefore, the Complaint will be dismissed, without prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. A separate Order consistent with this Memorandum Opinion will be filed contemporaneously.

/s/ *Beryl A. Howell*
_____
CHIEF JUDGE

DATE: August 19, 2022